IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PERCELL FREEMAN                                                                                           PLAINTIFF

v.                                              Civil No. 1:13-cv-01039

CAROLYN COLVIN, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

## MEMORANDUM OPINION

Before this Court is Defendant's Motion to Dismiss. ECF No. 5. Plaintiff filed a response to this Motion which also contained a Motion To Practice. ECF No. 10. On September 9, 2013, Plaintiff filed a Renewed Motion to Practice. ECF No. 15. A hearing was held on these Motions on October 29, 2013. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 2. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

Plaintiff, Purcell Freeman acting *pro se,* brought this action against the Commissioner of the Social Security Administration ("Defendant"). Plaintiff brings suit against the Defendant asking the Court to review and set aside the Social Security Administration ("SSA") decision to disqualify Plaintiff from serving as a non-attorney representative for Social Security claimants, and to allow Plaintiff to serve as a claimant's representative in matters before SSA. ECF No. 1. Plaintiff also makes generalized claims that Defendant "unjustly denied his freedom of speech" under the First Amendment and the "equal protection of the law" under the Fourteenth Amendment. *Id.*

Defendant seeks to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 5.

**2. Applicable Law**

FED. R. CIV. P. 12(b)(1) permits a party to move for a dismissal based on a court's lack of subject matter jurisdiction to hear the case. Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the Plaintiff has failed to satisfy a threshold jurisdictional requirement. *Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id*. Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

**3. Discussion**

According to Plaintiff, he has been non-attorney representative of individuals appearing before the SSA more than ten (10) years. ECF No. 11. Section 206(a) of the Social Security Act (Act) and Social Security regulations allow non-attorneys to represent claimants if they have a good character and reputation. *See* 42 U.S.C. § 406(a)(1); 20 C.F.R. §§ 404.1705(b), 416.1505(b). The

Act and regulations further allow the SSA to initiate proceedings to suspend or disqualify an individual from acting in a representational capacity if, among other things, (1) he does not have a good character and reputation; or (2) he has knowingly made or presented, or participated in the making or presentation of, false or misleading oral or written statements, assertions, or representations about a material fact or law concerning a matter within SSA's jurisdiction. *See* 42 U.S.C. § 406(a)(1); 20 C.F.R. §§ 404.1705(b)(1), 404.1740(c)(3), 404.1745(a), 416.1505(b)(1), 416.1540(c)(3), 416.1545(a).

The SSA initiated disqualification proceedings against Plaintiff and submitted evidence showing Plaintiff had been found guilty of battery in the second degree,[1] a Class D felony under Arkansas law. The SSA also submitted evidence Plaintiff had placed advertisements in newspapers characterizing himself as providing advanced legal counsel and representation at a firm that included a number of associates despite the fact that Plaintiff was not a lawyer and his office only included a typists. ECF No. 1-1. Additional evidence submitted by the SSA showed Plaintiff described himself as senior executive partner and legal counsel/representative. *Id.* The evidence contained a letter from the Chairman of the Committee on Unauthorized Practice of Law, Supreme Court of Arkansas, advising Plaintiff his advertisement was misleading, and directing him to cease and desist his misleading advertising. *Id.*

On September 14, 2012, following a hearing, an Administrative Law Judge (ALJ) issued a decision disqualifying Plaintiff from representing claimants before SSA. ECF No. 1-1. The ALJ found Plaintiff's conviction of a felony crime showed Plaintiff lacked the requisite good character

---

[1] Although disputed by Plaintiff, Defendant provided to the Court a certified copy of the Judgment and Commitment entered in the Circuit Court of Ashley County, Arkansas on May 23, 2008 which establishes this finding.

and reputation for serving as a non-attorney representative. *Id.* The ALJ also found Plaintiff had knowingly made or presented false or misleading written statements, assertions, or representations about his credentials and status as an attorney. *Id.*

On October 10, 2012, Plaintiff requested the Appeals Council review the ALJ's decision disqualifying him from representing claimants before SSA. ECF No. 1-1. On April 12, 2013, the Appeals Council issued their decision and affirmed the decision of the ALJ. *Id.* Following the decision of the Appeals Council Plaintiff filed this suit against Defendant. ECF No. 1.

<u>A. Lack of Subject Matter Jurisdiction</u>

The United States retains sovereign immunity from lawsuits unless the government has consented to suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Any waiver of sovereign immunity must be unequivocal. *See McNabb v. Riley*, 29 F.3d 1303, 1306 (8th Cir.1994) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33(1992)). As an agency of the federal government, sovereign immunity extends to Defendant, unless such a wavier exists. *Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977).

The Social Security Act is the exclusive means by which a federal court may obtain jurisdiction over a case involving the Commissioner's decisions. *See* 42 U.S.C. § 405(h). The Act confers jurisdiction over a federal court to review final decisions of the Commissioner. *Id.* However, this jurisdiction is limited to decisions involving claims for disability benefits and does not extend to decisions involving disqualification of a representative before SSA. *See Stanley v. Astrue*, 298 F.App'x 537, 540-41 (8th Cir. 2008); *Ezell v. Bowen*, 849 F 2d 844, 845-46 (4th Cir. 1988). Therefore, the doctrine of sovereign immunity bars this Court from exercising jurisdiction to review the SSA's decision to disqualify Plaintiff from acting as a non-attorney representative.

### B. Failure to Sate a Claim

In his Complaint, Plaintiff only generally alleges he has been "unjustly denied his freedom of speech" under the First Amendment and the "equal protection of the law" under the Fourteenth Amendment. ECF No. 1. Plaintiff sets forth no facts in support of this claim. *Id.* According to Defendant, although there may be basis for jurisdiction based on properly plead constitutional claim, Plaintiff's Complaint fails to set forth factual matters to state a claim that is plausible on its face. ECF No. 6.

In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* In this matter, the Plaintiff fails to set forth any facts whatsoever in support of his allegations based upon an alleged violation of the First and Fourteenth Amendment.

During the hearing on Defendant's Motion to Dismiss, Plaintiff argued his claim based upon a violation of the First Amendment was due to findings that his advertisements in newspapers were misleading. The ALJ in his decision found Plaintiff knowingly made or presented false or misleading written statements, assertions, or representations about his status as an attorney, and about the nature and size of, and credentials associated with his business. In making this finding, the ALJ relied in part on findings from Chairman of the Committee on Unauthorized Practice of Law, Supreme Court of Arkansas, which advised Plaintiff his advertisement was misleading, and directed him to cease and desist his misleading advertising.

The Chairman of the Committee on Unauthorized Practice of Law, Supreme Court of

Arkansas, not the Defendant, requested that Plaintiff stop his use of the misleading advertisements. Even assuming there is some violation of Plaintiff's First Amendment rights by the action of the Committee on Unauthorized Practice of Law, Plaintiff fails to provide any basis to find *the Defendant* has violated his First Amendment rights. Any alleged infringement[2] on Plaintiff's free speech rights in this regard were taken by the Committee.

Further, Plaintiff provided the Court the advertisement in question as an exhibit during the hearing. The advertisement contains statements stating Plaintiff and his firm provide "advanced legal counsel" and "legal advice." The advertisement also describes Plaintiff's business as a "growing legal company" that has "advanced legal skill." Plaintiff acknowledges he is not a lawyer. Accordingly, the ALJ properly found Plaintiff's advertisements misleading.

Although his complaint contained no factual allegations whatsoever in support of an alleged violation of the Fourteenth Amendment, during the hearing on this matter, Plaintiff argued he was being treated differently than lawyers who practiced before the SSA. Plaintiff stated local attorneys wanted him to stop practicing before the SSA because he was in competition with them and was adversely affecting their business. This argument fails on its face as Plaintiff has not indicated any action on the part of the SSA in support of this allegation. The complaint also fails to allege how different treatment for lawyer representatives and non-lawyer representatives would be an Equal Protection violation.

### 4. Conclusion

Based on the forgoing, this Court finds Plaintiff's claims against Defendant are barred based

---

[2]The Court does not find the Committee's action to be an infringement on Plaintiff's right to free speech, rather, merely acknowledges that the conduct as alleged was the Committee's not the Defendant's.

on a finding of lack of subject matter jurisdiction and further, should be dismissed based on Plaintiff's failure to state a claim upon which relief can be granted. Accordingly, this Court finds Defendant's Motion to Dismiss (ECF No. 5) should be **GRANTED** and Plaintiff's claims be dismissed in total.

The Court also finds Plaintiff's Motion to Practice (ECF No. 10) and Plaintiff's Renewed Motion to Practice (ECF No. 15) should be **DENIED** as moot based on the granting of Defendant's Motion to Dismiss.

**ENTERED this 7th day of January 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE